SARAH H. SCHUYLER, Plaintiff in Error, *v.* S. A. D. CHITTENDEN'S EXECUTRIX, Defendant in Error.

1. *Bonds — Breaches — What insufficient assignment of.* — The condition of a bond was that the obligor should use his endeavors to sell certain lands before a given date. A petition on the bond, which stated that plaintiff did not know and could not say whether defendant did use his endeavors to sell and dispose of the property before the day mentioned, but that defendant did not sell and dispose of the property within the time specified, did not sufficiently assign the breaches of the bond.

*Error to Sixth District Court.*

*J. N. Straat,* and *Lackland & McDearmon,* for plaintiff in error.

*E. A. Lewis, Kingsbury,* and *Hess,* for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

The court below sustained a demurrer to plaintiff's petition, whereupon a nonsuit was taken, and, on refusal to set the same aside, a writ of error was prosecuted. The action was on a penal bond given by Chittenden to the plaintiff, and the condition was that if a certain lot and other property should not be sold under judgments and executions, which were liens on the same, then Chittenden was bound to use his endeavors to sell and dispose of the lot and property on or before the first day of January, 1860, and to account for and pay over the sum mentioned in the bond. The petition then further states that the property was not sold under judgments and executions which were liens upon it; and for an assignment of breaches, it is stated that the plaintiff does not know and can not say whether or not defendant did use his endeavors to sell and dispose of the property on or before the first day of January, 1860 ; and it is also averred that the defendant did not sell and dispose of the property within the time specified, nor did he account for and pay over the sum mentioned.

It is undoubted that the breach is insufficiently assigned. What the defendant undertook to do was to use his endeavors to sell the property within a given period. To render him liable as for a

breach of condition, it should be alleged that he did not use his endeavors. That the property was still unsold when the time expired, is of no moment. Suppose he used his endeavors to sell, but failed to find a purchaser, then surely no obligation or liability in that regard was cast upon him. If the latter was the case, no breach existed. If he was derelict in using his endeavors, it should be so stated.

Let the judgment be affirmed; the other judges concurring.